Deanna Lasker Warden, USB #05745
Richard Gunnerson, USB #10862
LUNDBERG & ASSOCIATES
Attorney for Plaintiff
3269 South Main Street, Suite 100
Salt Lake City, Utah 84115
Telephone:  (801) 263-3400

L&A No. 09-74419 AMQ

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBOR VIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-5,<br><br>             Plaintiff,<br><br>vs.<br><br>JEFFREY JOHNSON,<br><br>             Defendant. | COMPLAINT FOR DECLARATORY RELIEF<br><br><br><br><br><br><br><br>Civil No.<br><br>Judge:_____ |

Deutsche Bank National Trust Company, as Trustee for Harbor View Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5, ("Deutsche") by and through its counsel, hereby brings this action for declaratory relief and alleges as follows:

**NATURE OF ACTION**

1.  This is an action to obtain a judgment declaring that Deutsche has not violated the Truth in Lending Act, 15 U.S.C. § 1631 *et seq*., in connection with a transaction whereby Defendant, Jeffrey

Johnson ("Johnson") executed a loan secured by certain real property located in Summit County, Utah.

## PARTIES

2. Deutsche is authorized to conduct business in Utah.

3. Upon information and belief, the Defendant is a citizen and resident of Summit County, Utah.

## JURISDICTION AND VENUE

4. This is a civil action over which this Court has original federal subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a).

5. This Court has personal jurisdiction over the Defendant based on the fact that he resides and/or owns property in the State of Utah.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) in that the Defendant resides in Summit County, State of Utah and within this judicial district.

7. This case involves an actual controversy, within the jurisdiction of this Court, and a judicial declaration is necessary regarding the rights and other legal relations between Deutsche and the Defendant, as set forth below. Therefore, the relief requested by Deutsche is specifically authorized by 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

## FACTUAL BACKGROUND

8. On or about May 21, 2007, Jeffrey Johnson, entered into a transaction whereby he borrowed $1,825,000.00 from American Brokers Conduit (the "Deutsche Loan"). *See* Note, attached hereto as Exhibit "1."

9. Upon information and belief, Defendants used the entire amount of the loan proceeds to refinance the purchase of real property located at 5955 Mountain Ranch Drive, Park City, Utah 84098 ("Property").

10. The Deutsche loan is secured by a lien on the Property as reflected by a Deed of Trust recorded in the Summit County Recorders Office, entry no. 00814361, book: 1867, page: 1724, and recorded on May 25, 2007. *See* Deed of Trust, attached hereto as Exhibit "2."

11. Prior to February 27, 2009, Defendant defaulted on his obligation under the Deutsche loan, upon which Deutsche began the foreclosure process.

12. On February 27, 2009 a Notice of Default and election to sell was executed and recorded in the Summit County Recorder's Office. *See* Notice of Default, attached hereto as Exhibit "3."

13. On April 7, 2009, a Substitution of Trustee was executed, naming eTitle Insurance Agency, LLC ("eTitle") as the successor trustee. *See* Substitution of Trustee, attached hereto as Exhibit "4."

14. On approximately June 15, 2009, Defendants mailed a "Rescission," letter to eTitle, who then forwarded the information to the current loan holder. The Rescission Letter expressed a desire to rescind the loan; however, it failed to indicate why the rescission was warranted. *See* "Rescission Letter", attached hereto as Exhibit "5."

15. Defendant alleged in his rescission letter, under 15 U.S.C. §1635 *et seq.*, that Defendant had a right to rescind the consumer transaction, despite the loan being originated over two years prior to the alleged rescission.

16. Deutsche thereafter, has cancelled the foreclosure sale and now brings this action for declaratory relief and quiet title to resolve the situation and allow the trustee's sale to move forward.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

17. Deutsche re-alleges and incorporates paragraphs 1 through 16 of this Complaint herein as if fully set forth in their entirety.

18. This case involves an actual controversy, within the jurisdiction of this Court, and a judicial declaration is necessary regarding the rights and other legal relations between Deutsche and Defendant, and the application of the Federal Truth In Lending Act.

19. Defendant was provided with all documentation as required by the Truth In Lending Act and therefore, the right of rescission as contemplated in U.S.C. § 1635 expired after the third day from the execution of the documents. *See* Right to Cancel and Truth In Lending Disclosure statements attached hereto as Exhibit "6."

20. Deutsche respectfully requests that this Court exercise its equitable authority, inherent in 15 U.S.C. §1635 and 22 C.F.R. § 226.23, to establish that Defendant's right of rescission expired at the end of the day on May 24, 2007, and further that this rescission request is improper and invalid, and therefore, Defendant is not entitled to a right of rescission under 15 U.S.C. § 1635.

### PRAYER FOR RELIEF

WHEREFORE, Deutsche respectfully prays that the Court:

(i) Declare that the rescission period pursuant to the Truth In Lending Act expired on the third day after May 21, 2007, and that the loan may not now be rescinded two years later;

(ii) Declare that Plaintiff's have not violated the TILA and are entitled to pursue

    foreclosure proceedings;

(iii) For attorney's fees and costs associated with having to bring this declaratory action; and

(iv) Award such additional relief as it deems just and proper.

DATED this 6th day of August, 2010.

            LUNDBERG & ASSOCIATES


            By: <u>/s/ Richard Gunnerson</u>
            Richard Gunnerson
            Attorneys for Plaintiff