IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBOR VIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-5, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERY JOHNSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM <br><br><br> Case No. 2:10-CV-748 TS |

The Court has before it Plaintiff Deutsche Bank National Trust Company's ("Deutsche") Motion to Dismiss Defendant's Counterclaim pursuant to Fed.R.Civ.P. 12(b)(6).[1] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a

---

[1] Docket No. 9.

1

claim for which relief may be granted."² Deutsche contends that Defendant's counterclaim fail as a matter of law because each rely upon meritless misinterpretations of case law and Utah statutes which have been repeatedly rejected by this Court. In response, Defendant argues that he has pleaded sufficient factual allegations to survive a motion to dismiss and that his counterclaim is grounded in law.

Although Defendant's counterclaim asserts several causes of action, each of these causes of action rely upon the theory that the foreclosing entity lacks the authority to foreclose on the property in question. This theory is based upon the erroneous assumption that Defendant's mortgage is no longer valid because the note was separated from the deed of trust when Defendant's loan was sold into a pool of mortgage backed securities. As is well-settled precedent, "[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."³ In fact, this common law principle has been expressly adopted into the Utah Code: "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor."⁴ This statute does not provide for exceptions and Defendant has failed to cite any case law or statute that provides for such an exception. Thus, the Defendant's "split-note" theory is squarely at odds with the firmly established principle that a

---

²*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

³*Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

⁴Utah Code Ann. § 57-1-35.

transfer of the note carries with it the deed of trust, without any formal assignment. Indeed, claims based open this theory have been repeatedly rejected by this Court.[5]

Because Defendant's counterclaim depends upon a rejected and flawed legal theory, Defendant has failed to plead a cause of action upon which relief may be granted. The Court will, therefore, dismiss Defendant's counterclaim pursuant to Rule 12(b)(6).

It is therefore

ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 9) is GRANTED.

DATED   May 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*See Wade v. Meridias Capital, Inc.* 2001 WL 997161, at *2 (D. Utah Mar. 17, 2011) (collecting cases).